**RANDOLPH, Plaintiff-Appellant v. DEIBEL, Sr., etc., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3768. Decided February 2nd, 1945.

John A. Connor, John D. Connor, Columbus, for plaintiff-appellant.

Fred C. Rector, Columbus, Henry C. Reinhard, Columbus, for defendants-appellees.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in place of Barnes, P. J.

## OPINION

By THE COURT:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court in behalf of the defendants on their motion for judgment on the pleadings.

The plaintiff is the owner of 18 shares of the capital stock of the defendant, The Modern Tool Die & Machine Company, the total capital stock of which is some 600 shares, common, without par value. The plaintiff institutes her action as a class suit and on behalf of other stockholders, whose

names and the amount of whose holdings do not appear in the pleadings.

We shall not attempt to set out in detail the averments of the petition, the answer and reply upon which the issues were drawn and upon which the trial judge entered judgment for the defendants.

Briefly it is the claim of the plaintiff that on her own behalf and on behalf of others similarly situated she and they are entitled to have issued to them upon payment of the purchase price therefor, 54 shares of stock now in the name of Joseph F. Deibel, Sr., on the books of defendant company, which stock was acquired by said Joseph F. Deibel, Sr., by purchase from Ella Falkenbach and William Falkenbach, who owned 25 and 29 shares, respectively, of the no par common stock of defendant company.

It appears that these owners proposed to the board of directors of defendant company to sell their shares of stock for the sum of $150.00 per share. The petition sets out that one of the regulations of the company provides that,

"In case any member of the company desires to sell all, or part of stock owned by him, he shall notify the secretary of the company in writing, stating the amount of stock he desires to sell and the market value of same, when this company shall have an option on said stock for thirty days following such notice."

The board of directors of the company declined to purchase the stock at the price quoted, but made an offer therefor of $100.00 per share, and later the owners notified the board that they would not sell at $100.00 a share. It is averred that Joseph F. Deibel, Sr., after the expiration of the option date, purchased the stock at approximately $110.00 per share, and later without consideration turned portions of it over to certain named defendants and said Joseph F. Deibel, Sr., retaining some of it. Later all of this stock, after some objection and discussion among the members of the board, was transferred to the certificate holders on the books of the defendant company.

The plaintiff avers that she had no knowledge that the stock of the Falkenbachs had been offered for sale until within a few days prior to the filing of her petition.

The amended answer asserts three defenses, the first of which, after admitting certain averments of the petition, is a general denial; the second, that the suit is not properly insti-

tuted as a class suit; and third, that the plaintiff and those whom she claims to represent are estopped from objecting to the sale, purchase, transfer or ownership of the 54 shares of stock.

The cause is submitted in this Court on the transcript of the docket and journal entries, including what is designated as a bill of exceptions and so signed by the trial court, made up of statements of counsel, the letters of the Falkenbachs to the board of directors of the defendant company offering their stock for sale, the notification of the company to the agent of the Falkenbachs that the board of directors would not buy the stock at $150.00 per share, but that the board would pay $100.00, and the reply of the agent of the Falkenbachs that they would not sell at $100.00 a share.

We have been favored with the written opinion of the trial judge whose view point we are pleased to have though the matter comes to our attention originally. He was of opinion that plaintiff was chargeable with waiver of her rights or laches. She pleads, however, that she had no knowledge of the transaction until a few days before her petition was filed.

In oral presentation and in the statements of counsel for plaintiff in the trial court and in this court there appear factual developments which are not found in the pleadings. These statements raise a very serious implication that Mr. Deibel, Sr., was chargeable with a delict in conducting the transactions after the board declined to purchase at $150.00, offered $100.00, and eventually purchased the stock, at $110.00 for himself. The nature and extent of the scope of the agency of Mr. Deibel to represent the board is not in the record. Just what transpired after the $100.00 bid was transmitted to the Falkenbachs does not appear. The occurrences arising in the interim between the notification of rejection of the bid and the purchase by Deibel, Sr., would be of some advantage in determining whether or not Mr. Deibel properly carried out his agency for the defendant company. Likewise, there might arise a nice legal question, if made, whether or not any proposal to sell stock at a lower price than the $150.00 quoted by the Falkenbachs to the board should not have been treated as was the original proposition and first tendered to the board of directors for its acceptance or rejection. Upon the meager record, this question is not definitely projected.

The determining factor, as we view it, assuming that the plaintiff has a right to prosecute a class suit, is that the right of purchase under the rule pleaded is in the company and not in the shareholders. The board of directors act for and

on behalf of the company, or at least did at the time when this transaction was conducted. §§8623-20, 8623-36, 8623-41 GC; 13 Am. Jur., 504. It is not pleaded, nor could it be upon any fact appearing in the record, that the board of directors at any time indicated a purpose to insist upon the right to purchase this stock at the figure at which Mr. Deibel, Sr., bought it.

It impresses us that the rights of the shareholders rise no higher than the rights of the company as asserted by its board of directors. The mere fact that the board permitted the transfer of the shares of stock to the transferees would not have barred it taking legal steps to protect its interest if done promptly.

It is not alleged that plaintiff or any one whom she represents called upon the board of directors to bring this suit. 13 Am. Jur. 508, 500. .

It is not contemplated that the purchase right accorded to the company under the rule pleaded should be exercised by individual shareholders. This appears to be the only practical construction of the rule. If it was meant that the tendered option of purchase of stock be exercised by the shareholders, it would develop a burdensome and difficult procedure. Then, if a majority determined to buy at the option price, it would be necessary for every shareholder to indicate a willingness to take his proportionate share of the stock and to pay for it. If any one or more of the shareholders did not elect to purchase, then the seller would be left with some of his stock unsold. Obviously, this would result in dissatisfaction and a seller could not be compelled to transfer anything less than all the shares which he had to sell.

The petition does not aver that the stockholders whom the plaintiff claims to represent as a class have indicated a purpose to put up the purchase money and to take the respective shares to which they are entitled.

We have not discussed all of the questions presented in oral argument and in the briefs, but are satisfied that upon the averments of the petition the plaintiff may not maintain her action individually or as representative of a class.

Judgment accordingly.

HORNBECK and GEIGER, JJ., and MONTGOMERY, J., concur.