**DEIBEL, Sr., Plaintiff-Appellant, v. KAUFMAN, Exr., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3684.   Decided July 6, 1945.

Henry A. Reinhard, Columbus, Wilson & Rector, Columbus, for plaintiff-appellant.

Henry S. Ballard, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law and fact from the Common Pleas Court of Franklin County, Ohio.

The action is one for specific performance of a contract for the purchase and sale of 30 shares of stock in The Modern Tool, Die and Machine Company, which is being held by the defendant as executor of the estate of Mary E. Cain, and which, under the terms of her will, he is authorized to sell. The regulations of the company contain the provision that a stockholder desiring to sell must first offer the stock at the market price to the company which shall have an option of purchase for thirty days.

On May 18, 1943, the defendant made an offer in writing to The Modern Tool, Die and Machine Company to sell the thirty shares involved herein at a price of $175.00 per share. On May 28, 1943, a special directors' meeting was called and a resolution was duly passed authorizing the acceptance of the offer by the companny. A special stockholders' meeting was held on June 4th and a motion to approve the purchase was lost for the want of a two-thirds majority. The defendant then sought to sell the stock and announced through his attorney that sealed bids would be accepted up to 12:00 o'clock noon, June 7th, at which time the highest bid would be accepted. At ten minutes to 12:00 M., June 7th, the plaintiff and his attorney called at the office of Henry S. Ballard, attorney for the executor, and who had made the offer to sell, and attempted to deliver to Mr. Ballard a sealed bid for the purchase of this stock. Mr. Ballard refused to accept the bid, stating that he had just been served with a copy of pleadings being filed in a suit in the Common Pleas Court in which this stock was involved. The offer was one of $180.00 per share, making a total of $5400.00 for the same. A cash tender was made several days later and the same was refused.

We are of the opinion that the defendant was justified in refusing to sell this stock to the plaintiff for two reasons: First, an offer unless given for a valuable consideration can be withdrawn at any time before acceptance, which was done in the instant case; second, according to the conditions as contained in the company regulations, when an offer was made to the company by the stockholder to sell stock, the company had an option for thirty days in which to accept. During this period of time the holder of the stock could not legally sell to a third person, for although the stockholders at one meeting might refuse to accept the offer, they might well reconsider their action within the thirty day period and decide to purchase the stock. It will be noted that the company at no time notified the defendant that the offer had been rejected by the company. Had this been done, it

would seem that the defendant, having given notice to the company, with an offer to sell at a definite price, and this offer being rejected by the company, would then be at liberty to dispose of the same. Since the defendant had no right to offer the stock for sale as he did on June 7th, the plaintiff acquired no right to purchase it. The plaintiff was secretary of the company and was fully informed as to its bylaws and regulations.

Judgment for the defendant.

HORNBECK, P. J., and GEIGER, J., concur.