RICHTER, et al., **Plaintiffs-Appellants, v. KAUFMAN, Exr., et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3702. Decided July 7, 1945.

John A. and John D. Connor, Columbus, for plaintiffs-appellants.

Wilson & Rector, Columbus, Henry A. Reinhard, Columbus, and Ballard & Dresbach, Columbus, for defendants-appellees.

## OPINION

BY THE COURT:

This is a companion case to case No. 3684, **Deibel, Sr., v Kaufman, Exr., 44 Abs. 321** recently decided by this Court, and involves the same 30 shares of stock referred to in that case and the provisions for the offer of the shares of stock to the company with an option to purchase the same are the same in the two cases. In case No. 3684 the application was for specific per-

324

formance requiring the shares of stock to be transferred as prayed for in the petition, but this Court held that due to the fact that the 30 days provided for in the option had not expired the plaintiffs were not entitled to specific performance. In the present case the allegation is made that in June, 1943, a check was tendered to the defendant as executor of his decedent and a demand made for the transfer of the stock to the several stockholders. The defendant executor refused to accept the tendered payment and notified the plaintiffs that it was his purpose to sell the stock on June 7th by having sealed offers in writing and that he would accept the highest bid; that at the time they held the meeting described in the petition said offer to sell the stock was in full force and effect and was so at the time the cash tender was made.

Plaintiffs in this case pray that the defendant be required to transfer the stock to Deibel, as trustee, for the benefit of the petitioning stockholders. The Court below refused to make this order on the ground that the offer by the executor was not made to the stockholders who asked that the stock be transferred to Deibel as trustee, but to the corporation, and that the offer so made by the executor to the corporation could not be enforced by a third party to whom the offer was not made. This principle of law was also announced by this Court in **Randolph v Deibel, 42 Abs 590.**

Judgment for the defendant.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.